## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANTONE LAMANDINGO KNOX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-20-381-HE** |
| | ) | |
| **TOMMY SHARP, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Antone Lamandingo Knox (Plaintiff), a prisoner in the custody of the

Oklahoma Department of Corrections (DOC) and housed at the Oklahoma

State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under 42

U.S.C. § 1983 alleging violations of his federal constitutional rights. *See* Doc.

1.[1]  He appears pro se.[2]

Plaintiff names the following Defendants, each in their individual and

official capacities: OSP Warden Tommy Sharp, DOC Director Scott Crow;

Oklahoma Governor Kevin Stitt; President Donald J. Trump; and "Unknown

O.S.P. Officials." *See id.* at 1, 4-5, 11.

---

[1]    Citations to a court document are to its electronic case filing designation and pagination.  Quotations are verbatim unless indicated.

[2]    The court construes Plaintiff's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 6. Following mandatory screening of Plaintiff's complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

## I.    Plaintiff's claims.

Plaintiff alleges he is being exposed to Covid-19 by the OSP staff and other inmates. *See* Doc. 1, at 14-15. He asks the court to issue an order to OSP employees to "cease working" and to "wear masks." *See id.* at 15. Plaintiff maintains Defendant Sharp is legally responsible for the operation of OSP and Defendant Crow, as DOC director, is responsible for "D.O.C. prisons and staff's and the welfare etc. of all prisoners/slaves & staff's at O.S.P. & ODOC." *See id.* at 13. He states he submitted a "sensitive grievance" to Defendants Sharp and Crow and he sent letters to Defendants Stitt and Trump but they have "failed to make O.S.P. officials obey their Executive Order's and order treatment." *Id.*

## II.    Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss any

frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). Moreover, "the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) (unpublished order).

## III.   Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.* § 1391(b)(1), (2).

### A.   Venue is proper in the Western District of Oklahoma.

Here, Plaintiff identifies Defendant Crow as the "O.D.O.C., Director" and his place of employment as "O.D.O.C., 3400 Martin Luther King, P.O. Box

6400, OKC, OK, 73136-0400." Doc. 1, at 4. "Venue for actions filed by any prisoner of any state prison . . . in which . . . the [DOC] . . . or any officer or employee that has multicounty responsibilities is named as a party shall be in the county of the official residence of the [DOC]." Okla. Stat. tit. 57, § 566.4(G)(1). And, Oklahoma County is "the county of the official residence of the Department of Corrections . . . ." *State ex rel. Dep't of Corr. v. Brock*, 513 P.2d 1293, 1295 (Okla. 1973).

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Oklahoma County is in the Western District. *See id.* § 116(c). So, venue is proper in this court. *See id.* § 1391(b)(1).

**B.    Venue is also proper in the Eastern District of Oklahoma.**

Venue also lies in the Eastern District of Oklahoma. OSP is located in McAlester, Oklahoma, *see* Doc. 1, at 4, and Plaintiff identifies Defendant Sharp's and Defendants Unknown O.S.P. Officials' place of employment as OSP in McAlester, Oklahoma. *See id.* at 4, 11. Likewise, "[a] substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" there. 28 U.S.C. § 1391(b)(2).

McAlester, Oklahoma is in Pittsburg County, Oklahoma,[3] and Pittsburg County is in the Eastern District of Oklahoma. *See id.* § 116(b). So, venue is also proper in that court. *See id.* § 1391(b)(2).

### C.    Transfer to the Eastern District of Oklahoma is in the interest of justice.

Although Plaintiff elected to file his action in the Western District of Oklahoma, Plaintiff and at least two or more of the Defendants are located in the Eastern District of Oklahoma, as is OSP.[4] Documents and witnesses are necessarily more accessible there. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." *Id.* § 1404(a). The connection to Plaintiff's action is decidedly greater in the Eastern District of Oklahoma. And, as venue is proper in that district, Plaintiff's action "might have been brought" there. *Id.* The transfer of this action to the Eastern District of Oklahoma is "in the interest of justice." *Id.*

---

[3]    The undersigned judicially notices the location of McAlester. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

[4]    In his "Ex Parte-Motion," Plaintiff provides a multi-page list of names of the "unknown respondents O.S.P. officials" allegedly exposing him and other prisoners to Covid-19. *See* Doc. 4, at 8-10.

**IV.    Recommendation and notice of right to object.**

The undersigned recommends the transfer of this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Oklahoma.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before May 18, 2020**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 27th day of April, 2020.


SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE