IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE L. KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )  NO. CIV-20-0381-HE |
| | ) |
| JOSEPH ALBAUGH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Antone L. Knox, a state prisoner appearing *pro se*, filed this § 1983 action alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell. Judge Mitchell reviewed the complaint and issued a Report and Recommendation recommending that this action be transferred to the Eastern District of Oklahoma "[f]or the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Plaintiff has objected to the Report, which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made.

Plaintiff's objects to the Report on a number of grounds, the most relevant of which is that the Report gives insufficient weight to the fact that all of his "witnesses [are] in Washington, D.C. [and] Oklahoma City and other states." While the location of witnesses is an important factor in addressing possible 1404(a) transfers, it does not assist plaintiff here. The various orders issued by President Trump and Governor Stitt are matters of public record, and it unlikely that either would actually be witnesses in this case. The bulk of the witnesses most likely to be called at any trial are in the Eastern District. Plaintiff's

allegations go to the conditions existing where plaintiff is now housed, which is the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma, in the Eastern District. He alleges that such conditions impact other prisoners at OSP. Because plaintiff and two or more defendants, as well as most potential witnesses and other evidence are located in the Eastern District of Oklahoma, the court concludes the Eastern District is both a proper venue and a considerably more convenient one for most of the participants in the case.

To the extent that plaintiff objects to his case being heard in the Eastern District due to his lack of prior litigation success there, the court concludes the assertion does not warrant fixing venue elsewhere. If plaintiff disagrees with the result in a case, his remedy is to appeal to a higher court, not to file suit in a different, less convenient, district.

Plaintiff's other objections are based on the merits of his purported claims rather than the venue considerations which were the basis for Judge Mitchell's recommendation. They do not suggest a basis for retaining the case in the Western District.

As plaintiff has not suggested any persuasive basis for avoiding the Report's conclusions, the Report and Recommendation is **ADOPTED**. This case is **TRANSFERRED** to the U. S. District Court for the Eastern District of Oklahoma.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2020.

JOE HEATON
UNITED STATES DISTRICT JUDGE