# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTONE LAMANDINGO KNOX,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 20-139-RAW-SPS |
| **TOMMY SHARP, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. On April 24, 2020, he filed in the Western District of Oklahoma this civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 1). The defendants are OSP Warden Tommy Sharp, DOC Director Scott Crow, Oklahoma Governor Kevin Stitt, President Donald Trump, and Unknown OSP Officials. On the same date, he also filed an "ex parte motion for preliminary hearing & temporary restraining order pursuant to F.R.C.P. 65(2)," seeking a preliminary injunction and a temporary restraining order (TRO) for alleged constitutional violations at his facility (Dkt. 4). On May 12, 2020, the case was transferred to this district because "the Eastern District is both a proper venue and a considerably more convenient one for most of the participants in the case" (Dkt. 10 at 2).

On July 1, 2020, Plaintiff was directed to file an amended complaint by July 22, 2020 (Dkt. 17). On July 22, 2020, the Court granted Plaintiff's motion for extension of time to file an amended complaint (Dkt. 19), and the filing deadline was extended to August 12, 2020 (Dkt. 20).

Although Plaintiff's motion is rambling and repetitive, he apparently is asking the Court to address the issues raised in his complaint and to issue a preliminary injunction and

a temporary restraining order against Defendant OSP Warden Tommy Sharp and Defendant DOC Director Scott Crow (Dkt. 4 at 1-2).  He alleges he is being subjected to the risk of serious harm from COVID-19.  He contends that with his pre-existing health problems of high blood pressure, his age (47 years), and his being an African American, he is more at risk of serious illness from exposure to the coronavirus.  Plaintiff apparently is also complaining that all OSP staff members are coming to work, while other employers have employees staying home and wearing masks.  In addition, inmates allegedly have been transferred to DOC units affected by COVID-19.  Plaintiff asks the Court "to stop O.S.P. & D.O.C. Respondents from further Exposing me & other O.S.P. slaves/prisoners housed on O.S.P. A,C, & H -Unit, & D & E Units with the Deadly coronavirus (COVID-19 virus) Especially us African's/blacks . . . ." (Dkt. 4 at 2).

Plaintiff further asserts prisoners are locked down 24 hours a day / 7 days a week, and the facility's outdated ventilation system runs all the time.  The employees allegedly smoke cigarettes and e-cigarettes, forcing the prisoners to smell and inhale the products.  Plaintiff also complains the prisoners are not given cleaning or disinfecting products to clean their cells, and he references the Americans with Disabilities Act.

As an initial matter, the Court advises Plaintiff that the Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).  Thus, to the extent Plaintiff is asking for relief for other inmates, those claims cannot be considered.

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  Because Plaintiff has not yet filed an amended complaint as directed, the defendants have not been served with this lawsuit.  Therefore, Plaintiff's request for a preliminary injunction is denied without prejudice.

Regarding Plaintiff's request for a temporary restraining order, the purpose of a TRO is to "preserv[e] the status quo and prevent[ ] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). *See* Fed. R. Civ. P. 65(b); James Wm. Moore, *Moore's Federal Practice*, § 65.30 (3d ed. 2008).

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, Plaintiff has failed to include either an affidavit or a verified complaint, or to explain why he failed to include either of these items. The Court cannot issue a TRO because of this lack of notice to Defendants. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964) (emphasizing that "a district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders"); *Moore's Federal Practice* § 65.32 (3d ed. 2008) (noting that both requirements of Federal Rule 65 must be met before a court can issue a TRO without notice to the opposing party). Thus, the Court must deny without prejudice Plaintiff's request for a TRO.

**ACCORDINGLY,** Plaintiff's motion for preliminary injunction or temporary restraining order (Dkt. 4) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 3rd day of August 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3