IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONE LAMANDINGO KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 20-139-RAW-SPS |
| | ) | |
| TOMMY SHARP, | ) | |
| and SCOTT CROW, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This action is before the Court on Defendants' motion to dismiss and motion for summary judgment (Dkt. 41). Plaintiff, a pro se former state prisoner, has filed an amended civil rights complaint under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma (Dkt. 23). The defendants are OSP Warden Tommy Sharp and Oklahoma Department of Corrections Director Scott Crow.

**Plaintiff's Allegations**

Plaintiff alleges Defendant Warden Sharp is legally responsible for the conduct of OSP employees, and Defendant Director Crow is responsible for all DOC prisons. Plaintiff claims that from December 2019 through August 2020, he was intentionally exposed to the COVID-19 virus by unnamed OSP officials when they did not wear masks and worked without social distancing. He contends that as an African-American, he was more at risk from exposure to the virus. In addition, he asserts he had high blood pressure for which he

received medication.

Plaintiff also complains of the prison ventilation system, the basic sanitation of the cells, and the sharing of toenail clippers by inmates. Further, the defendants allegedly violated his constitutional rights when unnamed staff interfered with his ability to file an amended complaint by denying him legal materials, typing paper, pens, and forms.

**Standard of Review**

In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285-86 (10th Cir. 2011), *cert. denied*, 565 U.S. 1201 (2012) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to

state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

**Personal Participation**

Defendants allege, among other things, that they did not personally participate in any constitutional violation. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "[S]upervisory liability 'must be based upon active unconstitutional behavior' and 'more than a mere right to control employees.'" *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1153 (10th Cir. 2006) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Id*., 455 F.3d at 1151.

Here, the Court finds Plaintiff has failed to allege Defendant Sharp or Defendant Crow personally engaged in any activity that resulted in a constitutional violation. Therefore, Plaintiff's claim of supervisory liability must be dismissed for lack of personal

3

participation by the defendants.

**ACCORDINGLY,** Defendants Tommy Sharp and Scott Crow's motion to dismiss (Dkt. 41) is GRANTED for Plaintiff's failure to state a case upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 16th day of December 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUEGE